UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MAHYAD GHASSEMIBOUYAGHCHI, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>JOSEPH B. EDLOW,<br><br>　　　　　Defendant. | Case No.  26-cv-04933-AGT<br><br>**ORDER ON MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 7 |

Plaintiffs, a married couple, are citizens of the United Kingdom and were born in Iran. In May 2025, they lawfully entered the United States on nonimmigrant work and spousal visas. Compl. ¶ 45. In September 2025, they applied to register as lawful permanent residents (using Forms I-485) and applied for travel permits (using Forms I-131) that would allow them to travel outside the United States while their I-485s were pending. *Id.* ¶ 47.

Pursuant to Policy Memoranda 602-0192 ("PM-0192") and 602-0194 ("PM-0194"), respectively issued on December 2, 2025, and January 1, 2026, USCIS placed an indefinite adjudication hold on immigration benefit applications filed by noncitizens from 39 high-risk countries, including Iran. Dkt. 1-2 at 49–57. Plaintiffs assert that their applications are subject to the hold based on their birth place in Iran. They maintain that the hold is, *inter alia*, arbitrary and capricious; and they have asked the Court to preliminarily enjoin the hold. They

also contend that USCIS has unreasonably delayed adjudicating their I-485s and I-131s, and they seek a court order compelling USCIS to adjudicate them within 30 days. Dkt. 7.

Without prejudice to Plaintiffs pursuing their claims on the merits, the Court denies their motion for a preliminary injunction for the following reasons.

*First*, at least for now, the adjudication hold is no longer in effect. Last month, the district court in *Dorcas International Institute of Rhode Island v. United States Citizenship & Immigration Services* issued an order vacating the hold. No. 26-CV-132-JJM-PAS, 2026 WL 1622708, at *57 (D.R.I. June 5, 2026). USCIS posted an update on its website confirming that, after *Dorcas*, PM-0192 and PM-0194 "should be treated as if they are not in effect." U.S. Citizenship and Immigration Services, *Court Order on Hold Policies* (June 12, 2026), https://perma.cc/4Y6H-52MG. Even if *Dorcas* doesn't moot this case because USCIS has appealed the decision and moved to stay its implementation, Reply, Dkt. 13 at 8, the hold isn't currently in effect so this Court doesn't need to preliminarily enjoin it.

*Second*, an order compelling USCIS to adjudicate Plaintiffs' I-485s and I-131s within 30 days would grant Plaintiffs the ultimate relief they seek in the case. *See* Dkt. 1, Prayer for Relief ¶ A. On a motion for a preliminary injunction, "it is not usually proper to grant the moving party the full relief to which he might be entitled if successful at the conclusion of a trial." *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 808 (9th Cir. 1963). "[T]he usual function of a preliminary injunction is to preserve the status quo ante litem pending a determination of the action on the merits" *Id.* Here, "the status quo consist[s] of the usual, though sometimes prolonged, processing and adjudication of Forms I-485 [and I-131] within a reasonable time." *Saghafi v. Edlow*, 2026 WL 1127468, at *15 (D. Md. Apr. 24, 2026).

Plaintiffs' applications have been pending for 10 months, a wait time that isn't

2

outside the norm. *See* Dkt. 11-2, Smith Decl. ¶ 5 (explaining that the average processing time for I-131s was 22 months as of June 12, 2026); Dkt. 11-1, Burger Decl. ¶ 6 (noting that the average processing time for I-485s was 35.5 months at USCIS Service Center Operations and 9 months at USCIS Field Offices as of June 12, 2026). "[D]epending on the grounds for the delays, even processing times at the low end of the [average] range could be unreasona-ble." *Raju v. Cuccinelli*, No. 20-CV-01386-AGT, 2020 WL 4915773, at *3 (N.D. Cal. Aug. 14, 2020). But the fact that Plaintiffs' applications have been pending for a normal amount of time bolsters the Court's conclusion that a preliminary injunction granting the ultimate relief sought in the case—adjudication within 30 days—isn't warranted.

**IT IS SO ORDERED.**

Dated: July 6, 2026

Alex G. Tse
United States Magistrate Judge

3