UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHYAD GHASSEMIBOUYAGHCHI, et al.,<br>Plaintiffs,<br>v.<br>JOSEPH B. EDLOW,<br>Defendant. | Case No. 26-cv-04933-AGT<br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 15 |

Rule 12(b)(6). The Court denies USCIS Director Joseph Edlow's Rule 12(b)(6) motion to dismiss. Plaintiffs allege that Edlow has unreasonably delayed in adjudicating their applications for lawful permanent residency (Form I-485) and for travel permits (Form I-131). Unreasonable-delay claims are fact intensive and "ordinarily best resolved on or after summary judgment, not on motions to dismiss for failure to state a claim." *Raju v. Cuccinelli*, No. 20-CV-01386-AGT, 2020 WL 4915773, at *1 (N.D. Cal. Aug. 14, 2020).

Edlow hasn't convinced the Court that it should deviate from this procedural preference. Plaintiffs filed their applications a year ago. Dkt. 1, Compl. ¶ 47. A one-year delay is plausibly unreasonable. *See* 8 U.S.C. § 1571(b) (stating that immigration-benefit applications should generally be completed "not later than 180 days after the initial filing of the

application"); *In re Nat. Res. Def. Council*, 956 F.3d 1134, 1139 (9th Cir. 2020) (noting that "a reasonable time for agency action is typically counted in weeks or months, not years") (quoting another source). Edlow may have good reasons for the delay. But at the pleading stage, little is known about those reasons and further factual development is necessary.

Rule 12(b)(1). The Court denies Edlow's Rule 12(b)(1) motion to dismiss. Although courts lack jurisdiction to review *discretionary* USCIS decisions, 8 U.S.C. 1252(a)(2)(B)(ii), "[c]ourts in this district have for many years 'unanimous[ly]' held that USCIS has a *non-discretionary* duty to adjudicate I-485 applications" within a reasonable time. *Yousefisahi v. Edlow*, No. 25-cv-09728-LJC, 2026 WL 1388704, at *4 (N.D. Cal. May 18, 2026) (second alteration in original) (emphasis added) (quoting *Varniab v. Edlow*, No. 25-cv-10602-SVK, 2026 WL 485490, at *9 (N.D. Cal. Feb. 20, 2026)). Following that consistent line of persuasive authority, the Court holds that §1252(a)(2)(B)(ii)'s jurisdiction-stripping provision doesn't apply to Plaintiffs' unreasonable-delay claim.

* * *

The motion to dismiss is denied. In an immigration mandamus case procedural order, the Court previously set a summary-judgment briefing schedule. Dkt. 5 at 2. That schedule will continue to govern unless the parties obtain an extension upon a showing of good cause.

**IT IS SO ORDERED.**

Dated: September 8, 2026

Alex G. Tse
United States Magistrate Judge